UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| Lakesha Washington,<br><br>  Plaintiff,<br><br>vs.<br><br>USAA Federal Savings Bank,<br><br>  Defendant. | Civil Action No.  3:19-cv-00767-MGL |

## NOTICE OF REMOVAL

USAA Federal Savings Bank ("USAA") pursuant to 28 U.S.C. §§ 1331, 1441 and 1446, hereby gives notice, with full reservation of any and all defenses and claims, of the removal of this action from the Court of Common Pleas for the 11th Judicial Circuit, Lexington County, to the United States District Court for the District of South Carolina, Columbia Division.  As grounds for this removal, USAA states as follows:

## PROCEDURAL BACKGROUND AND TIMING OF REMOVAL

1. On or around July 18, 2017, Plaintiff Lakesha Washington ("Plaintiff") commenced the above-styled action against USAA in the Court of Common Pleas for the 11th Judicial Circuit, Lexington County, South Carolina under Case No. 2017-CP-32-02582.

2. Pursuant to 28 U.S.C. 1446(a), a copy of all process, pleadings and orders served upon USAA are attached hereto as Exhibit A.

3. Plaintiff's original Complaint and the Amended Complaint filed October 19, 2017 asserted only state law claims against USAA.  However, on February 11, 2019, Plaintiff filed a Motion to Amend Complaint, requesting leave to file a Second Amended Complaint to assert a claim against USAA under the Electronic Fund Transfer Act, 15 U.S.C. § 1693 *et seq*.  Plaintiff's

1

Motion to Amend was granted by the Circuit Court by its Order dated March 8, 2019, recognizing the Second Amended Complaint filed February 19, 2019 as the operative complaint in this action.

4. This notice of removal is timely pursuant to 28 U.S.C. § 1446(b) because it is filed within thirty (30) days of USAA's receipt of the Order Granting Plaintiff's Motion to Amend Complaint. *See* 28 U.S.C. § 1446(b)(3) (". . . [I]f the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable.").

5. This case is properly removable pursuant to 28 U.S.C. § 1441, which provides in pertinent part as follows:

> (a) Generally. – Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending.

28 U.S.C. § 1441(a).

6. The Lexington County, South Carolina Court of Common Pleas is a state court within this judicial district and division. Therefore, this Court is a proper venue for this action pursuant to 28 U.S.C. §§ 113(2), 1441(a).

## **GROUNDS FOR REMOVAL**

1. This action is properly removable under 28 U.S.C. § 1441(a) because this Court has jurisdiction over this action under 28 U.S.C. § 1331, in that it "aris[es] under the Constitution, laws, or treaties of the United States."

2. A federal question can arise in two instances: (1) when federal law creates a plaintiff's right to relief and (2) when state law creates "the plaintiff's right to relief" but the

resolution of the case "necessarily depends . . . on a substantial question of federal law." *Franchise Tax Bd. v. Construction Laborers Vacation Trust*, 463 U.S. 1, 28 (1983).

3. In the Second Amended Complaint, Plaintiff alleges that she is entitled to relief under the Electronic Fund Transfer Act, 15 U.S.C. § 1693 et seq. Accordingly, federal law creates the basis for Plaintiff's asserted right to relief.

4. This Court may exercise supplemental jurisdiction under 28 U.S.C. § 1367(a) with respect to any of Plaintiff's claims that do not arise under federal law but are "part of the same case or controversy." 28 U.S.C. § 1367(a). A state law claim is part of the same case or controversy when it shares a "common nucleus of operative fact" with the federal claims. *White v. Cty. of Newberry, S.C.*, 985 F.2d 168, 171 (4th Cir. 1993).

5. Here, Plaintiff's state and federal claims arise from the same dispute over the withdrawal of funds from Plaintiff's financial account on or around March 7-8, 2017. Additionally, Plaintiff incorporates the allegations supporting her federal claims into her state law claims. (*See* 2nd Am. Compl. ¶¶ 31, 36, 43, 50.) Plaintiff's claims arising under state law are therefore part of the same case or controversy as Plaintiff's federal claims.

## ALL OTHER REQUIREMENTS FOR REMOVAL ARE SATISFIED

1. This case is a civil action within the meaning of the Acts of Congress related to the removal of causes.

2. USAA has not previously removed this action.

3. USAA is the sole defendant named in this action, and all defendants therefore consent to removal.

4. Nothing in this Notice of Removal shall be interpreted as a waiver or relinquishment of USAA's right to assert any defense or affirmative matter.

5.      Pursuant to 28 U.S.C. § 1446(d), a copy of this notice is being filed with the Clerk of Court for Lexington County. USAA is also giving prompt written notice to Plaintiff of the filing of this petition for removal.

**WHEREFORE**, USAA Federal Savings Bank prays that this Court take jurisdiction of this action, issue all necessary orders and process to remove this action from the Court of Common Pleas for the 11th Judicial Circuit, Lexington County, and for such other and further relief as this Court may deem just and proper.

Respectfully submitted this the 13th day of March, 2019.

**BRADLEY ARANT BOULT CUMMINGS LLP**

/s/ G. Benjamin Milam
Michael C. Griffin (SC Bar No. 72868)
G. Benjamin Milam (SC Bar No. 80311)
Hearst Tower
214 North Tryon Street, Suite 3700
Charlotte, NC 28202
Tel.: (704) 338-6000
Fax: (704) 332-8858
mgriffin@bradley.com
bmilam@bradley.com

*Attorneys for Defendant USAA Federal Savings Bank*

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing **NOTICE OF REMOVAL** was served via Electronic Mail and U.S. mail, postage pre-paid, on this 13th day of March, 2019, to the following:

Dave Maxfield
Dave Maxfield, Attorney, LLC
P.O. Box 11865
Columbia, SC 29211
dave@consumerlawsc.com

*Attorney for Plaintiff*

/s/ G. Benjamin Milam
Michael C. Griffin (SC Bar No. 72868)
G. Benjamin Milam (SC Bar No. 80311)
Hearst Tower
214 North Tryon Street, Suite 3700
Charlotte, NC 28202
Tel.: (704) 338-6000
Fax: (704) 332-8858
mgriffin@bradley.com
bmilam@bradley.com

*Attorney for Defendant USAA Federal Savings Bank*

5